James R. Moody, Commissioner Office of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Commissioner Moody:
This opinion is in response to your questions asking:
 Are the employees of the Department of Elementary and Secondary Education included within the uniform classification and pay provisions of section 36.031 RSMo Cum. Supp 1990? Is there a distinction between professional and non-professional employees of that department for purposes of application of section 36.031?
 Are the employees of the Department of Higher Education included within the uniform classification and pay provisions of section 36.031 RSMo Cum. Supp 1990?
Section 36.031, RSMo Supp. 1990, to which your questions relate, provides as follows:
 36.031. Applicability of merit system — director of personnel to notify affected agencies. — Any provision of law to the contrary notwithstanding, except for the elective offices, institutions of higher learning, the department of highways and transportation, the department of conservation, those positions in the Missouri state highway patrol the compensation of which is established by sections 43.070 and 43.080, RSMo, those positions for which the constitution specifically provides the method of selection, classification, or compensation, and the positions specified in subsection 1 of this section,[1] but including attorneys, those departments, agencies and positions of the executive branch of state government which have not been subject to these provisions of the state personnel law shall after July 1, 1991, be subject to the provisions of sections 36.100, 36.110, 36.120 and 36.130, and the regulations adopted under sections 36.100, 36.110, 36.120 and 36.130, which relate to the preparation, adoption and maintenance of a position classification plan, the establishment and allocation of positions within the classification plan and the use of appropriate class titles in official records, vouchers, payrolls and communications. Any provision of law which confers upon any official or agency subject to the provisions of this subsection the authority to appoint, classify or establish compensation for employees shall mean the exercise of such authority subject to the provisions of this subsection. This subsection shall not extend coverage of any section of chapter 36, except those specifically named in this subsection, to any agency or employee. In accordance with sections 36.100, 36.110, 36.120 and 36.130, and after consultation with appointing authorities, the director of the personnel division shall conduct such job studies and job reviews and establish such additional new and revised job classes as he finds necessary for appropriate classification of the positions involved. Such classifications and the allocation of positions to classes shall be established as soon as practicable but not later than December 31, 1994, and shall be maintained thereafter on a current basis by the personnel division. The director of the personnel division shall, at the same time, notify all affected agencies of the appropriate assignment of each job classification to one of the salary ranges within the pay plan then applicable to merit system agencies. Not later than July 1, 1996, and thereafter, the affected agencies and employees in the classifications set under this subsection shall be subject to the pay plan and rates of compensation established and administered in accordance with the provisions of this section, and the regulations adopted under this section, on the same basis as for merit agency employees. In addition, any elected official, institution of higher learning, the department of highways and transportation, the department of conservation, the general assembly, or any judge who is the chief administrative officer of the judicial branch of state government may request the division of personnel to study salaries within the requestor's office, department or branch of state government for classification purposes.
The purpose and effect of Section 36.031 is to extend certain provisions of The State Personnel Law, Chapter 36, RSMo, to those departments, agencies and positions in the executive branch of state government which had not been subject to such provisions before July 1, 1991, subject to certain exceptions hereafter noted.
Specifically, Section 36.031 makes applicable to various "non-merit" departments, agencies and positions those provisions in Sections 36.100, 36.110, 36.120 and 36.130, RSMo 1986, and the regulations adopted thereunder, "which relate to the preparation, adoption and maintenance of a position classification plan, the establishment and allocation of positions within the classification plan and the use of appropriate class titles in official records, vouchers, payrolls and communications."
Several departments and agencies within the executive branch are excepted from the operation of Section 36.031. The excepted departments and agencies as specified in Section 36.031
are:
 1. the elective offices; 2. institutions of higher learning; 3. the Department of Highways and Transportation; and 4. the Department of Conservation.
The Department of Elementary and Secondary Education and the Department of Higher Education are not among the departments and agencies specified in Section 36.031 as being excepted from the operation of such section.
Certain positions within the executive branch are also excepted from the operation of Section 36.031. The excepted positions as specified in Section 36.031 are:
 1. those positions in the Missouri State Highway Patrol the compensation of which is established by Sections 43.070 and 43.080, RSMo;
 2. those positions for which the Missouri Constitution specifically provides the method of selection, classification, or compensation; and
 3. the positions specified in subsection 1 of Section 36.030, RSMo Supp. 1990, but including attorneys.
The first exception for certain positions in the Missouri State Highway Patrol is not applicable to positions in either the Department of Elementary and Secondary Education or the Department of Higher Education. Regarding the third exception listed above, within the Department of Elementary and Secondary Education and the Department of Higher Education there are positions that are excepted from the operation of Section 36.031
because they are positions specified in subsection 1 of Section36.030. Even though subsection 1(4) of Section 36.030, RSMo Supp. 1990, provides an exception for attorneys regularly employed by or appointed by any department or division, Section36.031 by its express terms says attorneys excluded by subsection 1 of Section 36.030 are to be included. Therefore, the third exception for positions specified in subsection 1 of Section 36.030 would apply to certain employees of the Department of Elementary and Secondary Education and the Department of Higher Education; however, attorneys regularly employed or appointed are not excepted under this third exception.
The question remains whether there are any other positions within the Department of Elementary and Secondary Education or the Department of Higher Education that are excepted from the operation of Section 36.031 because they are "positions for which the constitution specifically provides the method of selection, classification, or compensation," the second exception listed above.
The Missouri Constitution contains two provisions that touch upon the "selection, classification, or compensation" of executive branch employees who occupy positions that are not (or may not be) specified in subsection 1 of Section 36.030.
Article IV, Section 19, states in relevant part: "The head of each department may select . . . all appointees in the department except as otherwise provided in this constitution, or by law." We conclude that Article IV, Section 19, does not "specifically [provide] the method of selection, classification, or compensation" for executive branch positions within the second exception listed above. To conclude otherwise would extend the second exception to all appointees selected by the head of each department sought be included under Section 36.031, and would effectively nullify Section 36.031. It is well established that the presumption is the legislature did not intend for any part of a statute to be without meaning or effect. Stiffelman v. Abrams, 655 S.W.2d 522, 531 (Mo. banc 1983).
Article IX, Section 2(b) of the Missouri Constitution provides:
 Section 2(b). Commissioner of education — qualification, duties and compensation — appointment and compensation of professional staff — powers and duties of state board of education. The board shall select and appoint a commissioner of education as its chief administrative officer, who shall be a citizen and resident of the state, and removable at its discretion. The board shall prescribe his duties and fix his compensation, and upon his recommendation shall appoint the professional staff and fix their compensation. The board shall succeed the state board of education heretofore established, with all its powers and duties, and shall have such other powers and duties as may be prescribed by law.
This section does provide a method for appointment of professional staff of the Department of Elementary and Secondary Education and provides the State Board of Education shall fix their compensation. Because of this constitutional provision, we conclude the professional staff selected pursuant to Article IX, Section 2(b) is excepted from the operation of Section36.031 under the second exception listed above.
In summary, the Department of Elementary and Secondary Education and the Department of Higher Education are not among the departments and agencies excepted from the operation of Section 36.031. The only positions within those two departments excepted from the operation of Section 36.031 are: 1) the positions specified in subsection 1 of Section 36.030; however, attorneys regularly employed or appointed are not excepted pursuant to this exception, and 2) professional staff of the Department of Elementary and Secondary Education appointed by the State Board of Education pursuant to Article IX, Section2(b) of the Missouri Constitution.
CONCLUSION
It is the opinion of this office that employees of the Department of Elementary and Secondary Education and employees of the Department of Higher Education are included within the operation of Section 36.031, RSMo Supp. 1990, and are subject to the uniform classification and pay provisions in Sections36.100, 36.110, 36.120 and 36.130, RSMo 1986, and the regulations adopted thereunder, except for 1) employees holding those positions specified in subsection 1 of Section 36.030, RSMo Supp. 1990; however, attorneys regularly employed or appointed are not excepted pursuant to this exception, and 2) professional staff of the Department of Elementary and Secondary Education appointed by the State Board of Education pursuant to Article IX, Section 2(b) of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] The Revisor of Statutes posits that the words "this section" apparently refer to Section 36.030, RSMo Supp. 1990. We agree. In construing a statute, an accepted canon of construction permits and often requires an examination of the historical development of the legislation including changes therein and in so doing resort may be had to the original bill and amendments. State ex rel. Missouri Power Light Company v.Riley, 546 S.W.2d 792, 797 (Mo.App. 1977). The section now numbered Section 36.031 was enacted by Senate Substitute for House Bill No. 1452, 85th General Assembly, Second Regular Session (1990). House Bill No. 1452 as initially introduced only pertained to Section 36.030.